**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GWENDOLYN HUTSON, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-04-92-R |
| | ) |
| MILLICENT NEWTON-EMBRY, | ) |
| Warden, | ) |
| | ) |
|        Respondent. | ) |

**ORDER**

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking writ of habeas corpus. On July 11, 2006, the Court entered an order re-referring this matter to United States Magistrate Judge Bana Roberts for additional consideration of Petitioner's ineffective assistance of trial counsel claim. The Court specifically noted, as first found by Judge Roberts, that the record was insufficient to permit a determination of whether Petitioner was prejudiced by trial counsel's failure to present expert witness testimony on a battered woman syndrome defense at Petitioner's first degree murder trial. On February 16, 2007, Judge Roberts issued a Supplemental Report and Recommendation, wherein she recommended that the petition be denied and that Petitioner's request for additional time in which to procure an expert to support her theory be denied. The matter is currently before the Court on Petitioner's March 7, 2007 letter, which the Court construes as an objection to the Report and Recommendation.

As noted, the sole claim before the Court is Petitioner's ineffective assistance of trial

counsel claim. Following re-referral of this matter to Judge Roberts counsel was appointed by the Court to aid Petitioner in pursuing this claim. On January 26, 2007, Petitioner's counsel filed a memorandum notifying the Court that he did not intend to file any additional materials in support of Petitioner's application. Counsel also sought leave to withdraw, which was granted. As a result, Judge Roberts concluded that Petitioner had failed to meet her burden of establishing that she was prejudiced by counsel's failure to present expert testimony in support of the battered woman syndrome defense. *See Strickland v. Washington*, 466 U.S. 668 (1984) (to establish ineffective assistance of trial counsel a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced her defense).

In her March 7, 2007 letter Petitioner notes her objection to the Report and Recommendation. It is apparent that Petitioner recognizes her failure to present evidence to establish prejudice by trial counsel's deficient performance. Rather, Petitioner requests additional time in which to procure an expert to support her theory of prejudice, asserting that four to six months of time should be needed to acquire the necessary proof to support her claim.[1] If Petitioner had not been appointed counsel and if counsel had not indicated to the Court that he was unable to file additional information in support of Petitioner's claim, this case would be in a significantly different position. However, Petitioner was appointed counsel and counsel was given adequate time in which to gather evidence to support

---

[1] Petitioner made similar representations in a February 14, 2006 motion for additional time. Judge Roberts has recommended that the request be denied.

Petitioner's claim. He was apparently unable to do so.

The Court hereby declines to extend Petitioner any additional time in which to seek a battered woman syndrome expert or other evidence to support her ineffective assistance of trial counsel claim. Petitioner has been granted ample time and resources in her attempt to establish prejudice, and she is apparently unable to do so. Because Petitioner does not challenge Judge Roberts' conclusion that she had not met her burden of establishing prejudice, her petition for habeas corpus relief is DENIED. Additionally, her request for additional time is DENIED for the reasons set forth herein. The Report and Recommendation is ADOPTED IN ITS ENTIRETY, and judgment shall be entered in favor of the Respondent.

**IT IS SO ORDERED** this 9th day of March 2007.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE